United States District Court
Southern District of Texas
**ENTERED**
June 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| ISAIAH MENDOZA, *et al.*, | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00301 |
| | § | |
| LAKEVIEW LOAN SERVICING, | § | |
| LLC, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Plaintiffs Isaiah Mendoza, Raymond Mendoza, Jr., and Abigail Mendoza have sued Defendant Lakeview Loan Servicing, LLC for breach of contract and wrongful foreclosure. Lakeview moves to dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 19.

Rule 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted." As federal practitioners are well aware, "a Rule 12(b)(6) motion typically cannot rely on evidence outside the complaint." *C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016). This general rule is subject to two exceptions. In evaluating a Rule 12(b)(6) motion, I may consider evidence outside the complaint "if that evidence is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201." *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

When documents outside the complaint are filed with a motion to dismiss, the district court has "complete discretion under the Federal Rules of Civil Procedure to either accept the exhibits submitted or not, as it sees fit." *Isquith ex rel. Isquith v. Middle S. Util. Inc.*, 847 F.2d 186, 196 (5th Cir. 1988). "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and

not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). If the district court converts the motion to dismiss into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* According to the Fifth Circuit, this means that the non-moving party must be given at least 10 days to submit its own evidence to the court. *See Hodge v. Engleman*, 90 F.4th 840, 844 (5th Cir. 2024).

Here, Lakeview has attached five exhibits to its motions to dismiss. Some of these exhibits may be considered in deciding Lakeview's Rule 12(b)(6) motion. For example, I may consider Exhibit A, the Deed of Trust, because that document is referred to and attached to the live complaint, and central to Plaintiffs' claims. I may also review United States Postal Service tracking information, attached as part of Exhibit C, because that documentation is subject to judicial notice. *See GS Holistic, LLC v. Upferno Inc.*, No. 3:23-cv-249, 2025 WL 1665182, at *2 (S.D. Tex. June 12, 2025) ("Federal courts routinely take judicial notice that the USPS . . . stores tracking records related to certified mail for two years. When the tracking numbers at issue are within that two-year timeframe, courts also take judicial notice of the information about that tracking number found on the U.S. Postal Service's website." (cleaned up)).

I may not, however, consider other exhibits attached to Lakeview's motion to dismiss. Lakeview has attached a declaration signed by Charlene Broussard. *See* Dkt. 19-4 at 1. Broussard states under oath that she deposited certain documents addressed to Plaintiffs in the United States mail. *See id.* Because I may not look beyond the face of the pleadings when considering a Rule 12(b)(6) motion, and this evidence does not fall within an exception to the rule, I am not permitted to consider Broussard's declaration. *See, e.g., Rsch. Found. for State Univ. of N.Y. v. Xiaomi Corp.*, No. 2:23-cv-00353, 2025 WL 923437, at *5 (E.D. Tex. Mar. 4, 2025) (refusing to consider a declaration submitted as part of a Rule 12(b)(6) motion); *Robinson v. CSL Plasma Ctr.*, Civ. Action No. 21-2520, 2022 WL

2

4295252, at *2 (N.D. Tex. Aug. 25, 2022) (refusing to consider affidavit that "is not referred to in the plaintiff's complaint or central to his claim, so it is not a part of the pleadings").

Faced with matters outside of the pleadings, I must decide whether to exclude such documents from consideration or convert Lakeview's motion to dismiss into a motion for summary judgment. Because the extrinsic materials submitted by Lakeview might facilitate disposition of this action, I will exercise my discretion to accept and consider those documents. As a result, I must convert Lakeview's motion to dismiss into a motion for summary judgment under Rule 56. Accordingly, I will give Plaintiffs until July 1, 2026, to "present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

SIGNED this 17th day of June 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

3