**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| ISAIAH MENDOZA, *et al.*, | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00301 |
| | § | |
| LAKEVIEW LOAN SERVICING, LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Plaintiffs Isaiah Mendoza, Raymond Mendoza Jr., and Abigail Mendoza have sued Defendant Lakeview Loan Servicing, LLC for wrongful foreclosure and breach of contract. Lakeview has filed a motion to dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 19. Because Lakeview submitted evidence outside the pleadings with its motion to dismiss, I exercised my discretion and converted Lakeview's motion to dismiss into a motion for summary judgment. *See* Dkt. 22. I gave Plaintiffs two full weeks to "present all the material that is pertinent to the motion." *Id.* at 3 (quoting Fed. R. Civ. P. 12(d)). Plaintiffs timely filed a response to the motion for summary judgment, attaching two affidavits executed by Abigail Mendoza as evidence. *See* Dkt. 24. The discovery deadline has passed.[1]

---

[1] The docket control order I issued in this matter set an April 18, 2026 discovery deadline. *See* Dkt. 15 at 2. On July 1, 2026, Plaintiffs asked the court to re-open the discovery period. *See* Dkt. 23. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Plaintiffs have not established good cause for re-opening discovery. Plaintiffs readily acknowledge that they failed to conduct any discovery during the discovery period other than exchanging initial disclosures. *See* Dkt. 23. The only justification Plaintiffs offer for re-opening discovery is that Lakeview has not produced the documents identified in its initial disclosures. This argument is meritless. "Rule 26(a)(1)(A)(ii) does not require a party to produce documents; the disclosing party has the option of producing a 'copy' of the identified documents or providing a 'description by category and location' of those documents." *Lopez v. Don*

For the reasons discussed below, I recommend that summary judgment be granted in Lakeview's favor.

## BACKGROUND

In August 2023, Plaintiffs purchased the property located at 257 San Saba, Richwood, Texas 77531 (the "Property") and executed a Promissory Note (the "Note") in the amount of $397,267. To secure repayment of the Note, Plaintiffs executed a deed of trust, granting a security interest in the Property. Lakeview is the current owner of the note and beneficiary of the deed of trust.

Lakeview insists that Plaintiffs defaulted on the Note and that its loan servicer sent Plaintiffs a notice of default on October 7, 2024. Plaintiffs maintain that they never received a notice of default. Lakeview also contends that its foreclosure counsel sent a notice of acceleration and a notice of sale to Plaintiffs on February 4, 2025, by certified mail, informing Plaintiffs that the Property would be sold at a foreclosure sale on April 1, 2025. The Property was sold at a foreclosure sale on April 1, 2025, for $141,645.00. *See* Dkt. 19-5 at 2. Lakeview purchased the Property at the foreclosure sale.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists when there is evidence sufficient for a rational trier of fact to find for the non-moving party." *Schnell v. State Farm Lloyds*, 98 F.4th 150, 156 (5th Cir. 2024) (quotation omitted). "The movant has the burden of showing that there is no genuine issue of fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the movant makes such a showing, "the burden shifts to the non-movant to produce evidence of the existence of such an issue for trial." *Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir.

---

*Herring Ltd.*, 327 F.R.D. 567, 589 (N.D. Tex. 2018) (quoting Fed. R. Civ. P. 26(a)(1)(A)(ii)). Plaintiffs could have requested production of the documents identified in Lakeview's initial disclosures during the discovery period, but they failed to do so. It is too late now.

2015) (quotation omitted). The nonmoving party "must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Id.* (quotation omitted). At this stage, I "view all facts, and the inferences to be drawn from them, in the light most favorable to the nonmovant." *Id.* at 269 (quotation omitted).

## ANALYSIS

### A.    WRONGFUL FORECLOSURE

Plaintiffs' first cause of action is wrongful foreclosure. To prevail on a wrongful foreclosure claim, Plaintiffs must establish: "(1) a defect in the foreclosure sale proceedings; (2) a *grossly inadequate selling price*; and (3) a causal connection between the defect and the *grossly inadequate selling price.*" *Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.— Houston [14th Dist.] 1989, writ denied). Summary judgment is proper because Plaintiffs fail to present any evidence creating a genuine issue of material fact on the second element: grossly inadequate selling price.

Under Texas law, "a grossly inadequate price would have to be so little as 'to shock a correct mind.'" *Fed. Deposit Ins. Corp. v. Blanton*, 918 F.2d 524, 531 (5th Cir. 1990) (quoting *Richardson v. Kent*, 47 S.W.2d 420, 425 (Tex. Civ. App.— Dallas 1932, no writ)). To determine whether the consideration received is grossly inadequate, "[t]he cash consideration paid at foreclosure sale for the land must be compared with or balanced against the fair cash market value of the property *at the time of the sale.*" *Gainesville Oil & Gas Co. v. Farm Credit Bank of Tex.*, 847 S.W.2d 655, 663 (Tex. App.—Texarkana 1993, no writ) (emphasis added). The price Lakeview paid for the Property at the April 1, 2025 foreclosure sale was $141,645.00.

The record is devoid of any evidence as to the market value of the Property on April 1, 2025. Although I gave Plaintiffs a full and fair opportunity to present all material pertinent to the summary judgment issues, Plaintiffs did not submit any evidence concerning the Property's fair market value on April 1, 2025. Because

Plaintiffs have not presented any admissible evidence "regarding the fair market value of the property at the time of the [April 1, 2025 foreclosure] sale . . . , there is no evidence to raise a fact issue tending to prove the consideration received for the property was grossly inadequate." *Obaro v. Mosaic Residential N. Condo. Ass'n*, No. 4:23-cv-01249, 2025 WL 3003690, at *3 (S.D. Tex. Oct. 27, 2025) (quoting *Benitez v. Perales*, No. 01-00-00211, 2002 WL 1981189, at *6 (Tex. App.—Houston [1st Dist.] Aug. 29, 2002, no pet.)) (cleaned up).

The only evidence Plaintiffs offer relating to the value of the Property is affidavit testimony from Abigail Mendoza. In one affidavit, dated October 16, 2025, Mendoza explains that the Property "was purchased for $185,000 [in August 2023]. . . . Houses in our area have increased in value significantly in the last two years. I believe the home is now worth $215,000." Dkt. 24-1 at 1. In an affidavit dated July 1, 2026, Mendoza states:

> The sales price, stated in the Substitute Trustee's Deed as $141,645.00 is also grossly in adequate [sic] compared to values in the neighborhood that this home is located. My opinion is that the home is valued at $215,000. That is approximately $73,000 short, which I contend is "grossly inadequate".

Dkt. 24-2 at 3. The problem with Mendoza's testimony is that it does not shed light on the Property's value at the time of the foreclosure sale on April 1, 2025. At best, the testimony indicates that Mendoza believes the Property was worth $215,000 at the time she signed the two affidavits—on October 16, 2025, and on July 1, 2026. But the Property's value on those dates offers me no assistance in determining the value of the Property on April 1, 2025, the date of the foreclosure sale.

Even if I generously assume that Mendoza meant to say that she believes the Property's value on April 1, 2025, was $215,000, that testimony still would not make a difference. A $215,000 fair market value on the date of foreclosure and an actual sales price of $141,645 at foreclosure means that the Property sold for 65.88 percent of its fair market value. As a matter of Texas law, a foreclosure sale price exceeding 50 percent of the property's fair market value is never grossly

inadequate. *See Moreno v. Valencia*, No. 13-23-00404-cv, 2025 WL 1074956, at *4 (Tex. App.—Corpus Christi–Edinburg Apr. 10, 2025, no pet.); *Terra XXI, Ltd. v. Harmon*, 279 S.W.3d 781, 788 (Tex. App.—Amarillo 2007, pet. denied); *Kent*, 47 S.W.3d at 425. The Fifth Circuit, applying Texas law, has held that a sale price of 52 percent of a property's fair market value at foreclosure sale is not, as a legal matter, grossly inadequate. *See Water Dynamics, Ltd. v. HSBC Bank USA, Nat'l Ass'n*, 509 F. App'x 367, 368–69 (5th Cir. 2013). The result should be no different here. Lakeview is entitled to summary judgment on the wrongful foreclosure claim.

## B.    BREACH OF CONTRACT

Plaintiffs also advance a breach of contract claim. Under Texas law, the elements of a breach of contract claim are: (1) the existence of a valid contract; (2) plaintiffs' performance or tendered performance; (3) breach of the contract by the defendant; and (4) plaintiffs' damages, sustained because of the breach. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018). Plaintiffs' breach of contract claim fails because the undisputed summary judgment record shows that Plaintiffs did not tender performance under the contract—they have admittedly defaulted on their August 1, 2024 mortgage payment. *See* Dkt. 24-2 at 2 ("August 1, 2024 – April Mendoza fails to pay, converts funds"); *see also* Dkt. 19-3 at 5 (showing that Plaintiffs fails to make monthly payments from August 1, 2024, through October 1, 2024).

Under Texas law, "[i]t is a well established rule that a party to a contract who is himself in default cannot maintain a suit for its breach." *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (quotation omitted). "With this basic principle in mind, federal courts routinely dismiss breach of contract actions brought by borrowers in default." *Daigle v. AmeriHome Mortg. Co.*, No. 3:22-cv-00133, 2023 WL 8373179, at *3 (S.D. Tex. Dec. 4, 2023) (collecting cases). As such, Plaintiffs' "own default of the deed of trust precludes [them] from asserting a cause of action for breach of contract against [Lakeview]." *Acosta v. Servank, SB*, No. 3:25-cv-00282, 2026 WL 1896130, at *2 (S.D. Tex. July 1, 2026) (cleaned up).

5

## CONCLUSION

For the reasons discussed above, Lakeview's motion for summary judgment (Dkt. 19), should be granted.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this __7th__ day of July 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE